478 So.2d 194 (1985)
Edward Joseph LANDRY, Jr., Individually and as Administrator of the Estate of Troy Lynn Landry, Plaintiff-Appellant,
v.
JEFFERSON DAVIS PARISH SCHOOL BOARD, et al., Defendants-Appellees.
No. 84-782.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*195 L. Paul Gianfala, Church Point, for plaintiff-appellant.
John K. Hill, Jr., Lafayette, for defendants-appellees.
Before FORET, DOUCET and YELVERTON, JJ.
FORET, Judge.
Plaintiff, Edward Joseph Landry, Jr., filed suit individually and on behalf of his minor son, Troy Lynn Landry, seeking to recover damages suffered by the minor when he was injured at Northside Jr. High School in Jennings, Louisiana. Plaintiff's petition named as defendants: Jefferson Davis Parish School Board; the School Board's members, president and superintendent, all in their official capacities; the School Board's insurer, ABC Insurance Company; and, in their official capacities, a number of employees of Jefferson Davis Parish School Board.[1] The suit was tried before a judge without a jury. After the presentation of plaintiff's case in chief, the trial court dismissed plaintiff's suit with prejudice, pursuant to LSA-C.C.P. Art. 1672(B),[2] the trial court having found that plaintiff had failed to show any right to relief. Plaintiff has appealed. The sole issue presented by this appeal is whether the trial court erred in denying plaintiff's motion that the court make an inspection of the site of the accident and the instrumentalities involved for the purpose of impeaching the credibility of defendants' witnesses.

FACTS
Plaintiff's son, Troy Lynn Landry, was injured while he was leaving the Northside Jr. High School gymnasium. Troy's class had just been let out and he was leaving the gym with a group of other boys. The boys who preceded Troy through the doorway pushed open the wood and glass double doors. As Troy went through the doorway, one of the doors closed on him, and he put out his hand in an effort to keep the door open. Unfortunately, Troy missed the wooden portion of the door and put his hand and arm through one of the door's glass panes. Troy suffered multiple lacerations to his right hand and arm.
The door was controlled by a hydraulic closing device or "pump". It was plaintiff's contention that this pump was defective at the time of the accident and that the defect had caused Troy's injuries. The trial court, however, found that plaintiff had failed to prove that this was, in fact, the case.

MOTION FOR INSPECTION OF THE SITE OF THE ACCIDENT
Plaintiff contends that the trial court committed reversible error when it denied plaintiff's motion that the trial court make *196 an inspection of the site of the accident. In his motion, plaintiff specifically requested that the trial court go to Northside Jr. High School and inspect the door's hydraulic pump to determine if the device was the same device that had been in place on the day of the accident. At least two of defendant's witnesses had testified that no change had been made to the door since the accident. This testimony was contradicted by one of plaintiff's witnesses. Plaintiff sought to show, for impeachment purposes, that, in fact, the pump had been changed.
A trial court may visit sites which are the subject of the litigation before it, not for the purpose of supplying new evidence, but for the purpose of determining, when the evidence regarding such sites is in hopeless conflict, which version is worthy of belief. Bico Enterprises, Inc. v. Cantrell, 413 So.2d 260 (La.App. 3 Cir. 1982).
J. Roy Touchet testified on behalf of plaintiff that he had inspected the pump the day after the accident and again on the day before the trial and that in the interim the pump had been changed. Under cross-examination, Touchet acknowledged that he had not noted the brand name or serial number of the pump on either occasion. Throughout all of his testimony, he indicated no way in which the alleged change could be detected by the court.[3] There was no assurance that an inspection of the site would have aided the court in determining if the pump had, in fact, been changed.
Generally, a trial court only conducts an inspection of the site if the testimony is so confusing and conflicting that such an inspection would aid the court in visualizing the disputed occurrence. Bico Enterprises, Inc. v. Cantrell, supra. In the case now before us, although there was some conflicting testimony, the facts were relatively simple and the testimony was not confusing. As we said in Bico:
"Presumably, the trial court in the present case did not feel it necessary to conduct such a time-consuming activity because he was satisfied that the facts necessary to make a fair and impartial decision were contained in the record before him."
Whether such a physical inspection should be made is within the discretionary authority of the trial court. Hardy v. Brown, 372 So.2d 573 (La.App. 2 Cir. 1979).
We discern no error in the trial court's decision not to inspect the door and its closing device.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff, Edward Joseph Langley, Jr., individually.
AFFIRMED.
NOTES
[1] These employees included: John Adams, Principal of Northside Jr. High School; C.A. Freemen, Ass't. Principal of Northside Jr. High School; Bradley Abraham, Jr., custodian of Northside Jr. High School; and Myrtle Ceasar, a janitor at Northside Jr. High School.
[2] LSA-C.C.P. Art. 1672(B) provides:

"B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence."
[3] In his motion to the trial court, plaintiff's attorney indicated that he thought an inspection would allow the court to determine if the pump was new or not. The fact remains that Touchet did not indicate in his testimony that the pump then on the door was new.